**WHITCHER v. WELCH, Collector of Internal Revenue.**

**No. 6930.**

District Court, D. Massachusetts.

March 8, 1938.

Grosvenor Calkins, of Boston, Mass., for plaintiff.

William B. Waldo, Sp. Asst. to Atty. Gen. (Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to U. S. Atty., both of Boston, Mass., on the brief), for defendant.

SWEENEY, District Judge.

The plaintiff brings this action to recover income taxes alleged to have been illegally assessed, collected, and retained. The parties hereto have filed a stipulation of facts, and further evidence was adduced at the trial. From this, the following findings of fact are made:

Prior to 1908, the plaintiff was the sole owner of his business. In 1908 he incorporated, and allowed two employees to purchase stock under a plan whereby they might make payments for their stock out of their earnings. In 1912 the plaintiff was the majority owner of the stock in the Frank W. Whitcher Company, and the only two other stockholders were the persons whom he had allowed to buy when the corporation was formed. Prior to 1912, the American Shoe Tip Company had had a very successful career, but had come upon lean days, and was in financial difficulty. Through a third person, the plaintiff learned about the history of the American Shoe Tip Company, and about its then present difficulties, and, believing that the company could again be made to earn large dividends, sought to induce the Whitcher Company to utilize its selling organization for the purpose of disposing of the products of the American Shoe Tip Company, and, if necessary, to advance capital from the Whitcher Company to the American Shoe Tip Company. It was hoped that by such an arrangement the Whitcher Company would be able to materially increase its earnings. The other two stockholders of the Whitcher Company objected to this on the ground that the American Shoe Tip Company had seen its best days and could not again be made to pay. After much talk between the stockholders, the plaintiff agreed with the Whitcher Company that he would guaranty the account of the American Shoe Tip Company if it lost money and had to borrow from the Whitcher Company. On the basis of this guaranty, the Whitcher Company advanced sums of money to the American Shoe Tip Company. After some years under this arrangement, it became apparent that the judgment of the other stockholders had been more nearly correct, as the American Shoe Tip Company was forced to discontinue business and liquidate, at which time it owed considerable money to the Whitcher Company.

After the assets of the American Shoe Tip Company had been completely exhausted, it was ascertained that the plaintiff owed the Frank W. Whitcher Company the sum of $22,602.99. Upon demand Whitcher paid this money to the company. These payments were made during the year 1932.

In filing his return for the year 1932, the plaintiff deducted from his income the sum of $22,602.99 as a bad debt. In December of 1935, the Commissioner of Internal Revenue assessed a deficiency tax against this plaintiff in the sum of $3,391.17, with interest in the amount of $613.19, by reason of the disallowance of the claim for the deduction of the bad debt.

On April 1, 1936, the plaintiff paid, under protest, to the defendant the sum of $4,004.36. On April 16, 1936, the plaintiff filed a claim for refund in that sum. The Commissioner denied this claim for refund in July of 1936, and this suit was brought for the purpose of recovering the deficiency assessed and paid, together with interest.

The original instrument under which Whitcher agreed to guaranty the payments of the American Shoe Tip Company to the Whitcher Company was lost, but there was sufficient evidence adduced at the trial to warrant a finding that the agreement on the part of Whitcher was to guaranty the account of the American Shoe Tip Company to the Whitcher Company, and was not an agreement to indemnify the Whitcher Company against loss. This finding and ruling is made not only upon the testimony of those who were familiar with the original instrument who testified as to its contents from memory, but is also predicated upon other written documents appearing in the evidence wherein it clearly shows that the agreement was an agreement to guaranty the American Shoe Tip Company ac-

count. Having paid the claim to the Whitcher Company, the plaintiff became subrogated to the claim of the Whitcher Company against the American Shoe Tip Company. See Howell v. Commissioner, 8 Cir., 69 F.2d 447, and cases there cited. This claim being worthless, the plaintiff was entitled to charge it off on his 1932 tax return as a bad debt.

### Conclusions.

I therefore find and rule that the Commissioner was in error in assessing the deficiency against this plaintiff, and that the plaintiff is entitled to judgment in the sum of $4,004.36, with interest at the rate of 6 per cent. to be computed in accordance with the statute. The defendant's motion for judgment is denied, and its requests for conclusions of law are also denied.